# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDWIN MELENDEZ,**

          **Plaintiff,**

-vs-                                                         Case No. 6:05-cv-1658-Orl-22KRS

**DETECTIVE SCOTT MASON, and**
**CITY OF KISSIMMEE, FLORIDA,**

          **Defendants.**

_____

### DISCOVERY ORDER

This cause came on for consideration after a preliminary pretrial conference. At the conference, Plaintiff Edwin Melendez asserted that records of his treatment and disability determination by the Veterans Administration may be information that cannot be disclosed in discovery because such information is classified. In accordance with Federal Rules of Civil Procedure 11 and 26(b)(5), if Plaintiff Melendez asserts in response to written discovery requests or during a deposition that information sought in discovery is classified or otherwise privileged or protected, he must serve upon counsel for the defendants simultaneously with the assertion of such privilege or protection an affidavit or sworn statement from an appropriate government official attesting that the claimed privilege or protection applies to the documents or information in question. *See, e.g., Zuckerbraun v. General Dynamics Corp.*, 755 F. Supp. 1134, 1138 (D. Conn. 1990)(describing an affidavit from the Secretary of the Navy supporting the assertion of a state secrets privilege), *aff'd* 935 F.2d 544 (2nd Cir. 1991).

Plaintiff Melendez's assertion that a document or other information is classified or otherwise protected will not, standing alone, be sufficient to support his claim of privilege or protection. *Id.*

Plaintiff Melendez is cautioned that Federal Rule of Civil Procedure 11 subjects a party who makes an unsupportable assertion of fact or law subject to sanctions.

The issue of the method to obtain discovery of Plaintiff Melendez's medical records in the possession of the Veterans Administration was also raised at the pretrial conference. Plaintiff Melendez has made his medical condition an issue in the allegations of his complaint. Accordingly, if Plaintiff Melendez declines to sign a release permitting the Veterans Administration to disclose his records, counsel for the Defendants may request an order from this Court requiring the Veterans Administration to disclose relevant records as defined in Federal Rule of Civil Procedure 26. *See* 38 C.F.R. § 1.511(b)(1).

The Clerk of Court is directed to mail a copy of this discovery order to Plaintiff Melendez at his address of record.

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties