**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWIN MELENDEZ,**

        **Plaintiff,**

**-vs-**                                                                                           **Case No.  6:05-cv-1658-Orl-22DAB**

**DETECTIVE SCOTT MASON, and**
**CITY OF KISSIMMEE, FLORIDA,**

        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO COMPEL (Doc. No. 81)**
>
> **FILED:**        April 30, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In this civil rights case, Plaintiff seeks discovery of "all arrest[s] that Detective Mason has made in his entire 19 year career with the Kissimmee Police Department and a breakdown of those arrest[s] by ethnic and gender breakdown" and "a list of all internal complaints launched by citizens against all police officers assigned to the Kissimmee Police Department in the last 10 years," including the disposition of those complaints, and the ethnic breakdown of the citizens and the officers. Defendants have filed a response, challenging the relevancy of the documents requested, and contending that the requests are over broad and unduly burdensome. The Court agrees, in part.

Plaintiff's Amended Complaint asserts, in part, that Detective Mason repeatedly violated the constitutional rights of others under color of law during his tenure as a police officer, and that the City failed to properly address reports of such conduct with internal investigations. (*See* Doc. No. 31 at 7). Certainly, a list of complaints filed against Mason is relevant to this inquiry, and the Court notes that the City has already produced the sole complaint directed at Mason during his tenure. The City objects, however, to producing complaints against all other officers, as well as all arrests made by Mason, asserting that the documents are of questionable relevance, and can only be compiled by "the dedication of significant resources at considerable expense to the taxpayers." (Doc. No. 83). From this, the Court infers that the documents sought do not exist in the form requested. That is, the "list" requested by Plaintiff would have to be researched and compiled by someone, using information that exists in another form. Moreover, Plaintiff has not shown how the requested information, regardless of how it is kept or might be produced, would be relevant to *his* claims in this action.

Plaintiff has made no effort to tailor his document request to identify records that actually exist nor to limit the requests to categories that bear some reasonable relationship to the claims pending in this case. Umbrella references to "all" records of activity over a decade or two are characterictic of an improper fishing expedition, not permitted under the rules of discovery. Plaintiff declined to respond to defense counsel's suggestion that he make a well defined and tailored request for information. His requests, as framed, cannot appropriately be enforced. Plaintiff is free to depose Defendant (or to discuss the matter further with counsel) about what records exist that would perhaps narrow his search.

The motion to compel is therefore **denied**.

**DONE** and **ORDERED** in Orlando, Florida on May 21, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties