**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWIN MELENDEZ,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No.  6:05-cv-1658-Orl-22DAB**

**DETECTIVE SCOTT MASON, and**
**CITY OF KISSIMMEE, FLORIDA,**

        **Defendants.**
_____

## ORDER

### I.  INTRODUCTION

Plaintiff Edwin Melendez, proceeding *pro se*, sues the City of Kissimmee, Florida, and one of its police detectives, Scott Mason, in his individual capacity.  In substance, Melendez claims that Mason violated the Fourteenth Amendment by pursuing a criminal investigation against him (for violation of a protective injunction and aggravated stalking) because he is Hispanic, not because he committed a crime.[1]  Melendez also contends Mason infringed his Fifth Amendment right against self-incrimination by threatening to arrest him if he did not submit to interrogation.  Finally, Melendez alleges that Mason included false information in his affidavit seeking an arrest warrant for Melendez, and that the assertedly false information led to Melendez being denied bail, in violation of the Eighth Amendment.

---

[1]Melendez eventually pled nolo contendere to the misdemeanor offense of violating a domestic violence injunction, and was sentenced to 65 days of time-served incarceration.  Doc. 85, Ex. 8. Accordingly, the Defendant's representation that Melendez pled to a felony charge is incorrect.

The Defendants seek summary judgment on all of Melendez's claims.  Upon carefully considering the parties' submissions, the Court determines that none of Melendez's claims survive summary judgment.  Moreover, even if the Defendants were not entitled to summary judgment, termination of this case is nevertheless warranted on the ground that Melendez has abandoned this suit.

## II.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'" *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996) (quoting *Cox v. Adm'r U. S. Steel & Carnegie*, 17 F.3d 1386, 1396, *modified on other grounds,* 30 F.3d 1347 (11th Cir. 1994)). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen*, 83 F.3d at 1349.  The Court considers the evidence and all inferences drawn therefrom in the light most favorable to the non-moving party. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

### III.  ANALYSIS[2]

#### A.  Fifth Amendment Claim

Melendez contends Detective Mason violated his Fifth Amendment privilege against self-incrimination by threatening him with arrest if he did not submit to questioning.  In other words, Melendez complains of the questioning itself, rather than the subsequent use of any compelled statements in later criminal proceedings.  However, it is clear that no Fifth amendment violation can occur before the commencement of a "criminal case," and "a 'criminal case' at the very least requires the initiation of legal proceedings." *Chavez v. Martinez,* 538 U.S. 760, 766 (2003).  In other words, "police questioning does not constitute a 'case' any more than a private investigator's precomplaint activities constitute a 'civil case,'" and "it is not until [compelled statements are] use[d] in a criminal case that a violation of the Self-Incrimination Clause occurs[.]" *Chavez,* 538 U.S. at 767.  Here, Melendez's claim is based on interrogation, not use, and it is undisputed that the police questioning preceded the commencement of the criminal case against him.  Given these circumstances, Melendez's Fifth Amendment claim fails as a matter of law.

#### B.  Fourteenth Amendment Claim

In substance, Melendez contends Detective Mason singled him out for investigation and arrest because of his race and/or national origin.  This is essentially a claim of selective enforcement.  To succeed on this theory, Melendez must "make at least a *prima facie* showing that similarly situated

---

[2]Melendez has submitted a number of documents he characterizes as "sworn affidavits." *See* purported statements of Richard Madison, Jordi Friaz, Kelvin Diaz, Glenda Montana and Grizelle Nazario, attached to Melendez's summary judgment response (Doc. 89).  However, these documents do not qualify as affidavits.  They are not sworn and contain no alternative attestation that they were executed under penalty of perjury.  Accordingly, the Court cannot consider them for summary judgment purposes.

persons outside [his] category were not prosecuted" (or, in this case, were not investigated and prosecuted). *Gardenhire v. Schubert,* 205 F.3d 303, 319 (6th Cir. 2000). Melendez has presented no such evidence. Accordingly, the Defendants are entitled to summary judgment on this claim, as well.

### C. Eighth Amendment Claim

Melendez suggests that Detective Mason included false statements in his arrest affidavit, and that those falsehoods resulted in Melendez being denied bail. However, Melendez has not presented any evidence that Mason knew that any of the statements contained in his affidavit were untrue, or that Mason was reckless with respect to the truth or falsity of the affidavit's contents.

Melendez contends Mason misrepresented the duration of Melendez's military service, the capacity in which Melendez served (i.e., whether or not Melendez was in a special operations unit), and the character of Melendez's separation from the Army (i.e., whether Melendez was medically discharged on account of post-traumatic stress disorder (PTSD)). However, Melendez has not presented any evidence that Mason was doing anything other than simply reporting what he had been told by an Army recruiter (Master Sergeant Lafferty) regarding those subjects.

Melendez also complains of the fact that Mason stated in the arrest affidavit that Melendez had a "criminal history" of "sexual assault, battery, kidnapping [sic], fraud, obstruction of justice, loitering, possession of burglary tools, and burglary." Doc. 85, Ex. 4 at 3. Melendez contends he was not convicted of any of these crimes. However, Mason did not report that Melendez had been convicted of all of the listed offenses. Rather, he said Melendez had a "criminal history." This distinction is important because the phrase "criminal history" is subject to various meanings. It does not necessarily connote a criminal conviction. In fact, Fla. Stat. § 943.045, which lists definitions of terms used in connection with Florida's criminal justice information program, contains the following

definition of "[c]riminal history information": "information collected by criminal justice agencies on persons, which information consists of identifiable descriptions and notations of *arrests*, detentions, indictments, informations, *or other formal criminal charges* and the disposition thereof." § 943.045 (4) (emphasis added).  The Defendants have presented evidence that a person with Melendez's same name, birth date and social security number does, indeed, have an arrest history for all of the offenses listed in Mason's arrest affidavit.  Accordingly, it does not appear Mason's statements regarding Melendez's "criminal history" were false.

Beyond this fundamental deficiency, Melendez has not presented any evidence that his bail was constitutionally excessive, or that Mason's statements about his military service or his criminal history played any role in the judge's determination of whether Melendez would be eligible for bail. In fact, it seems bail *was* set in Melendez's case, in the amount of $25,000.00.  Doc. 85, Ex. 7.  Hence, it does not appear Melendez was denied bail, at least in the particular criminal case resulting from Mason's arrest affidavit.  Melendez appears to concede as much in his response to the Defendants' summary judgment motion, wherein he states:

> Mason went to Judge Draper to get an arrest warrant - THIS IS THE SAME JUDGE WHO I SAW ON MY FIRST APPEARANCE AND GAVE ME A $25,000 DOLLAR [sic] BOND AND THEN REVOKED MY MISDEMEANOR BONDS SO IN OTHER WORDS I WAS BEING HELD WITHOUT BOND - I was held without bond for 2 months when I finally went to see another judge and the misdemeanor bonds were dropped and the 25,000 dollar bond was dropped to a $10,000[.]

Doc. 89, ¶ 15, at 3.  Based on this version of events, it appears Melendez remained incarcerated because his bond was revoked in other pending criminal cases,[3] not because he was denied bail in the case initiated by Detective Mason.  It is unclear why the state judge revoked Melendez's bond in the misdemeanor cases.  Perhaps it was because she believed Melendez had violated his terms of release in those cases by allegedly engaging in the conduct which formed the basis for the criminal proceeding initiated by Detective Mason; perhaps not.  In any event, what is important for present purposes is that Melendez has not presented any evidence that he was denied bail because of any assertedly false statements made by Detective Mason in his arrest affidavit.  *See Galen v. County of Los Angeles,* 477 F.3d 652, 663-64 (9th Cir. 2007) (affirming summary judgment in defendants' favor where plaintiff failed to present evidence that police officers deliberately or recklessly misled bail commissioner, and that "bail would not have been unconstitutionally excessive but for the officers' misrepresentations").                       **D.  Qualified Immunity**

The first step in the qualified immunity analysis is to ascertain "whether the officer's alleged conduct violated a constitutional right." *Chavez v. Martinez,* 538 U.S. 760, 766 (2003). As previously discussed, Melendez has not presented any evidence establishing a constitutional violation. Accordingly, Mason is entitled to summary judgment on the basis of qualified immunity.[4]

---

[3]Melendez's first appearance paperwork and criminal history report reflect that he had battery charges pending.  Doc. 85, Ex. 7 & 10.

[4]Based on this analysis, the Court need not reach the question of whether the law was clearly established at the time of the alleged constitutional violations.

### E.  Municipal Liability

Melendez's failure to present sufficient evidence of the occurrence of a constitutional violation is also dispositive of his claim against the City.  Even assuming the existence of a constitutional violation, Melendez has presented no evidence whatsoever that the City had a custom, policy or practice that caused any violation.  *See McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004) (municipality may be held liable under § 1983 only when plaintiff's injury is caused by a municipal policy or custom).  For this additional reason, the City is entitled to summary judgment.

### F.  Dismissal for Abandonment

As Magistrate Judge Baker noted in his November 29, 2007 Report and Recommendation (Doc. 97), Melendez (1) failed to attend a status/final pretrial conference, despite having received notice of that proceeding; (2) failed to participate in the pretrial process; and (3) failed to complete and file a final pretrial statement.  Moreover, Melendez failed to file any objections to Judge Baker's recommendation that this case be dismissed on abandonment grounds.  Accordingly, the undersigned judge concurs in Judge Baker's assessment that Melendez has abandoned this cause, and that the case should be dismissed.

### IV.  CONCLUSION[5]

Based on the foregoing, it is ORDERED as follows:

1. The Defendants' Motion for Summary Judgment (Doc. 85), filed on August 1, 2007, is GRANTED.

---

[5]The motion to compel discovery incorporated in Melendez's summary judgment response is denied.  Some of Melendez's discovery requests identified in the motion have already been addressed by Magistrate Judge Baker; the rest are untimely and irrelevant.

2.  The November 29, 2007 Report and Recommendation (Doc. 97) is APPROVED AND ADOPTED.

3.  The Clerk shall enter a final judgment providing that the Plaintiff, Edwin Melendez, shall take nothing on his claims against the Defendants, City of Kissimmee, Florida, and Detective Scott Mason.  The judgment shall further provide that the Defendants shall recover their costs of action.

4.  The Clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 18, 2007.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Edwin Melendez
Magistrate Judge David A. Baker